| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Felicia Carter, *et al.*, §
§
    Plaintiffs, §
§
*versus* §     Civil Action H-14-3644
§
Westlex Corporation, *et al.*, §
§
    Defendants. §

## Opinion on Dismissal

1. Felicia Carter, Nevalyn Farley, and Angellia Dozier each bought a Lexus IS250. Sometime later, they noticed that the dashboard and other interior components were sticky, shiny, melted, or cracked. They suspect that the degradation was caused by sun and heat. They sued three dealers and Toyota for negligence, breach of implied warranty, and deceptive trade practices. They purported to represent a class of claimants. Their claims will be dismissed.

2. Carter, Farley, and Dozier say that Toyota and the dealers breached their implied warranties, without identifying those that were implied. Assuming it was an implied warranty of fitness for a particular purpose, they have not identified a particular use of a Lexus IS250 that failed. Assuming it was an implied warranty of merchantability, they have not asserted that the cars were not merchantable when they were sold – aside from the dashboard cosmetics. The cars continue to function normally, and they drive them daily. They complained about the dashboards seven years after the cars were manufactured.

3. Assuming Carter, Farley, and Dozier had a claim for breach of an implied warranty, it was disclaimed by the express warranty that they were given. Although they complain that Toyota and the dealers point to a document beyond the complaint – the express warranty – their amended complaint mentions it.

4. Assuming the plaintiffs complained about breach of an express warranty, it too would be dismissed. They concede that they had not told Toyota or the dealers about the problem during the warranty period. Their claims are too late.

5. Carter, Farley, and Dozier's claim for negligence is vacuous. They may not circumvent a defective warranty claim by pleading a tort. Assuming their need for a new dashboard was an independent claim, they can identify no personal injury. The only damage that exists is the appearance of the dashboard after years of use. The injury is to the value of the car. Because only the product is damaged, the economic-loss rule precludes their tort. Besides, they may not circumvent the express warranty by suing on a variation of a tort. They must abide by the bargain they made at the time in writing.

6. Their claim for deceptive trade practices must also be dismissed. They have not particularly pleaded a representation by each defendant about these cars. Let alone have they identified one that was false, misleading, or something similar. General references to advertising and "all defendants" are unavailingly dishonest. Assuming they could identify something specific, Carter's and Farley's claims are barred by limitations. They say that they noticed the deformation in the dashboard in 2006 and 2008 – six or more years before they sued and two years after the nonspecific representations at which they gesture. Dozier's claim is likely also barred, though she does not say when in 2012 she noticed the deformation. The things of which they complain under this law are all covered by the warranty. Had they asked within the warranty, the injury would have disappeared. Choices have consequences.

7. Assuming the plaintiffs had a colorable claim under any theory, the only relief available is reimbursement for the cost to replace the dashboard – relief offered by Toyota and the dealers. Toyota has voluntarily extended the warranties for these and similar cars. Carter, Farley, and Dozier may ask Toyota to repair their cars under this program.

They say that this is no remedy because they do not know the criteria for the program or when Toyota will be able to repair the cars, if ever. These hypotheses are not actionable complaints. If anything they are premature, inchoate claims that do not present something that this court needs decide. They are not ripe.

8. The defendants are invited to move for sanctions by September 15, 2015.

Signed on August 26, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge